| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Amy Elizabeth Barnes |
| | First Name / Middle Name / Last Name |
| Debtor 2 (Spouse, if filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the Northern District of Georgia | |
| Case number (if known) | 24-58127 |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

3.1; 4.4.

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan., except 1.4.

| 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not Included |
| 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☒ 36 months    ☐ 60 months.

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $870 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months

Debtor(s)  Amy Elizabeth Barnes                              Case Number  24-58127

unless the Bankruptcy Court orders otherwise.  If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐  The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced.  Insert additional lines as needed for more changes.):*

**2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐  Debtor(s) will make payments pursuant to a payroll deduction order.  If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒  Debtor(s) will make payments directly to the trustee.

☐  Other (*specify method of payment*): _____

**2.3  Income tax refunds.**

*Check one.*

☒  Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐  Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years_____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise.  If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐  Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

**2.4  Additional Payments.**

*Check one.*

☒  **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5  [Intentionally omitted.]**

**2.6  Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (**www.ganb.uscourts.gov/local-rules-and-orders**)

### Part 3:  Treatment of Secured Claims

**3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐  **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒  Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| US Bank Trust NA | 886 Wanda Circle | ~~$15,000~~ $20,548 | N/A | $15, stepping to $809 August 2025 |

**3.2  Request for valuation of security and modification of certain undersecured claims.**

☒  **None.**  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3  Secured claims to be paid in full.**

*Check one.*

☒  **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4  Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6    Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **8.5%.** Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**4.2    Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**
(a)   The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are **$4,750.** The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in §4.3(a).

(d)  The unpaid balance and any additional amounts allowed under §4.3(c) will be payable (1) at **$554** per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of **$2,500**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of **$2,500**, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**4.4    Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|

| Debtor(s) | Amy Elizabeth Barnes | | Case Number | 24-58127 |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Laura and William Barnes, 1710 Ashebark Lane, Marietta GA 30068 | Division of Child Support Services – Cobb 590 Commerce Dr Suite 112 Marietta GA 30060 | $2,881 | $240 |

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Internal Revenue Service | $~~0~~ $6,142 |
| Georgia Department of Revenue | $0 |

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1)_____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

### Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or list Nonstandard Plan Provisions.**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor(s)   Amy Elizabeth Barnes                                                                                          Case Number   24-58127

| Part 9: | Signatures |
|---|---|

**9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

☒ /s/ Amy Elizabeth Barnes                                ☐ /s/
Signature of debtor 1 executed on  10/21/2024              Signature of debtor 2 executed on  _____

886 Wanda Circle SW, Marietta, GA 30008                    _____
Address                              City, State, ZIP code   Address                         City, State, ZIP code

☒ Charles M. Clapp /s/, 101089                             Date: 10/21/2024
Signature of attorney for debtor(s)

Law Offices of Charles Clapp                               5 Concourse Pkwy NE, Ste 3000, Atlanta, GA 30328
Firm                                                       Address                         City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# United States Bankruptcy Court
## Northern District of Georgia

In re    AMY ELIZABETH BARNES            Case No.   24-58127
                      Debtor(s)           Chapter    13

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, October 21, 2024, a copy of **Debtor's Amended Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties listed in the attached matrix at the addresses indicated therein.

/s/ Charles M. Clapp
**Charles M. Clapp 101089**
**CMC Law | Law Offices of Charles Clapp**
**5 Concourse Parkway NE**
**Suite 3000**
**Atlanta, GA 30328**
**Office:404-585-0040**
**Fax:404-393-8893**
charles@lawcmc.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 24-58127-sms<br>Northern District of Georgia<br>Atlanta<br>Mon Oct 21 16:25:23 EDT 2024 | Aldridge Pite LLP<br>15 Piedmont Center<br>3575 Piedmont Rd Se Ste 500<br>Atlanta, GA 30305 | Amy Elizabeth Barnes<br>886 Wanda Circle SW<br>Marietta, GA 30008-4504 |
| Andrea Lynn Betts<br>Aldridge Pite, LLP<br>Suite 700<br>3525 Piedmont Road, N.E.<br>Atlanta, GA 30305-1608 | Capital One Auto Finance<br>4515 N Santa Fe Ave Dept APS<br>Oklahoma City, OK 73118-7901 | Charles M. Clapp<br>Law Offices of Charles Clapp, LLC<br>5 Concourse Parkway NE<br>Suite 3000<br>Atlanta, GA 30328-7106 |
| Division of Child Support<br>Services - Cobb<br>590 Commerce Dr Suite 112<br>Marietta, GA 30067 | Janica Drayton<br>Padgett Law Group<br>Suite 1475<br>3490 Piedmont Road<br>Atlanta, GA 30305-1743 | (p)EQUIFAX  INC<br>1550 Peachtree Street NE<br>Atlanta, GA 30309 |
| Experian<br>701 Experian Parkway<br>Allen, TX 75013-3715 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Internal Revenue Service<br>Centralized Insolvency Opera<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Laura and William Barnes<br>1710 Ashebark Lane<br>Marietta, GA 30068-1857 | Publix Employees Federal Credit Union<br>Attn: Della Andrews<br>PO Box 1000<br>Lakeland, FL 33802-1000 | Publix Federal Credit Union<br>3005 New Tampa Hwy<br>Lakeland, FL 33815-3468 |
| Quantum3 Group LLC as agent for<br>CASCADE CAPITAL FUNDING LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | (p)SOURCE RECEIVABLES MANAGEMENT<br>PO BOX 4068<br>GREENSBORO NC 27404-4068 | K. Edward Safir<br>Standing Chapter 13 Trustee<br>Suite 1600<br>285 Peachtree Center Ave. NE<br>Atlanta, GA 30303-1229 |
| (p)SCANA ENERGY MARKETING<br>3344 PEACHTREE ROAD<br>SUITE 2150<br>ATLANTA GA 30326-4808 | (p)SETERUS INC<br>PO BOX 619096<br>DALLAS TX 75261-9096 | T Mobile/T-Mobile USA Inc<br>by AIS Infosource, LP as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| Transunion<br>2 Baldwin Place<br>PO Box 1000<br>Crum Lynne, PA 19022-1370 | U.S. Bank Trust National Association<br>c/o Fay Servicing, LLC<br>P.O. Box 814609<br>Dallas, TX 75381-4609 | US Bank Trust NA<br>425 Walnet St<br>Cincinnati, OH 45202-3989 |
| US Bank Trust NA<br>POBox 814609<br>Dallas, TX 75381-4609 | US Department of Education/MOHELA<br>633 Spirit Drive<br>PO Box 790453<br>US Department of Education/MOHELA, PO Bo<br>Chesterfield, MO 63005 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 |

            The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
            by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Equifax                         Georgia Department of Revenue    SOURCE RECEIVABLES MANAGEMENT
PO Box 740241                   Bankruptcy Section                4615 DUNDAS DR STE 102
Atlanta, GA 30374               1800 Century Blvd NE Ste 9100     GREENSBORO, NC 27407
                                Atlanta, GA 30345


Scana Energy                    Seterus Inc
220 Operation Way               14523 SW Millikan Way
Mail Code C222                  Beaverton, OR 97005
Cayce, SC 29033
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Fay Servicing, LLC           (u)U.S. Bank Trust National Association    End of Label Matrix
                                                                           Mailable recipients    26
                                                                           Bypassed recipients     2
                                                                           Total                  28
```